### BUZZELL v. ANDREWS and others.[1]

*(Circuit Court, E. D. Pennsylvania.   October 26, 1885.)*

PATENTS FOR INVENTIONS—INFRINGEMENTS.
  When a patent has been issued for an invention which consists in a peculiar arrangement of old elements or parts, it must be construed strictly, and the monopoly limited substantially to the special character of the parts and the particular organization described.   A machine which may be forced to produce a similar result will not be regarded as an infringement if that was not the object of its construction.

In Equity.
*Geo. S. Boutwell,* for complainant.
*Charles Howson,* for respondent.

BUTLER, J.   The first claim of the patent involved reads as follows:
  "In combination with the abrading roller, G, the bearing roller, K, the pivoted roller-frame, I, I', I'', the set-screws, L, and the springs, M, said parts being constructed in the manner and for the purpose substantially as specified."

The charge of infringment relates to this claim alone.

The elements or parts named being old, the claim must be confined within narrow limits.   The state of the art requires a strict construction, limiting the monopoly, substantially, to the special character of parts, and the particular organization, described.   These parts are—*First,* the abrading roller; *second,* the bearing roller; *third,* the pivoted bearing roller-frame; *fourth,* the set-screws; *fifth,* the springs.

The character of the parts, and the organization, are aptly described in the specifications.

The design or purpose of the machine, as stated by the plaintiff, is "to enable the rough loose fibers upon the inner side of the tanned skins of animals to be easily and quickly removed, so as to leave the surface smooth, and not injure the leather;" and the machine itself is designated an "improved machine for whitening and shaving leather."   The invention consists, as the plaintiff says, "in the means employed for pressing a skin in front of, and regulating its pressure upon, the abrading roller, substantially as and for the purpose stated." The several parts are constructed and combined, solely with a view to this end.

The mode of operation is described as follows: "The bearing roller is moved outward, until the skin can be passed over the same, with its inner side towards the abrading roller, after which the operator's foot is removed from the foot-bar, and the springs move this roller

---

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

towards the abrading roller, and press against the latter such portion of the skin as is between their peripheries. The operator now moves the skin so as to bring each portion of its inner surface into contact with the abrading roller and cause the latter to remove any loose fibers, flesh, etc., from the same." This mode of operation is only made practicable by placing the bearing roller "upon a line horizontal with the abrading roller," as described in the specifications, and constructing and combining the pivoted frame in the particular manner designated by and called for in the patent,—thus enabling the operator to control the roller by his foot, while manipulating the leather with his hands,—the roller affording support for the skin.

Such being the plaintiff's machine, has the defendant infringed?

His machine contains the abrading and bearing rollers, the set-screws, and the springs. There is, however, a material difference in the relative positions of the rollers; and if it contains a "pivoted bearing roller-frame" at all, it is not the frame described and employed by the plaintiff,—is incapable of the uses for which his is designed, and is capable of others, to which his is inapplicable. It has no device rendering the bearing roller subject to control by the operator's foot, but has a device (the pivoted arms, capable of separate, independent action) which confers a power over the bearing roller, such as the plaintiff's frame does not afford.

The object of the defendant's machine is to skive leather, as described by him. He states it to be " for the preparation of strips or sheets of leather for use in book-binding, in making pocket-books," etc., by shaving down the edges of the strips or sheets, so that when two are joined together, the thickness of the leather will be uniform throughout. The organization of the machine, and the construction of its parts, were designed with a view to this purpose alone. An essential part of the organization is a movable table, having apparatus for clamping, by means of which the leather is fed to, and withdrawn from, the machine. Without this table the structure is of no value, —is incapable of use for any purpose.

Without enlarging on the difference in construction and organization of the two machines, it seems plain that they are essentially dissimilar. Designed for different purposes, the parts are, in consequence, differently constructed and combined.

The difference in construction and organization, however, is not all; they differ, as well, in the mode of operation, and the result produced.

The difference in the mode of operation is that while with the plaintiff's machine the skin is held in the operator's hands and passed through between the bearing and abrading rollers, the former being controlled by his foot—thus rendering the skin capable of movement in any direction—with the defendant's machine, the movement of the leather is controlled by means of the table and its devices alone; and this movement consists, simply, in being passed, a given dis-

tance, between the rollers, and then forcibly withdrawn; the proximity of the rollers to each other being regulated entirely by the springs.

The difference in result is that while the contemplated and proper use of the plaintiff's machine will remove the unevenesses and loose fibers of skin, leaving the surface smooth and level, the defendant's will simply skive, or shave down, the edges to a desired thinness. That the plaintiff's machine may be forced to perform this skiving of the edges, is unimportant. It is not adapted to such a use and is of no value for the purpose.

The bill must be dismissed.